# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PETER K HANSCHE <br><br> Plaintiff, <br><br> v. <br><br><br> CITY OF NEW ORLEANS and <br><br> Lt. JIMMIE L. TURNER <br><br>  Defendants. | ECF CASE <br><br><br><br><br> No.: 2:19-cv-12655-JCZ-MBN <br><br> JURY TRIAL REQUESTED |

### PLAINTIFF'S MEMORANDUM OF LAW OPPOSING
### DEFENDANT JIMMIE TURNER'S MOTION TO DISMISS

Plaintiff, Sergeant Peter Hansche ("Plaintiff") submits this memorandum of law opposing Defendant, Jimmie Turner's ("Turner") Motion to Dismiss For Failure to State a Claim pursuant to Fed. R. Civ. P. 12(b)(6)

### FACTUAL BACKGROUND

Plaintiff's Fifth Cause of Action sued Lt. Jimmie Turner indvidiually for two delictual actions of civil sexual assault[1]. The Complaint describes with specificity two instances. First in September, 2016, where Lt. Jimme Turner intentionally assaulted

---

[1] R. Doc. 1 Complaint ¶ 83-86

Sgt. Hansche by coming up from behind Sgt. Hansche and embracing him so that the front of his groin area would touch the buttocks of Sgt. Hansche without his consent.[2]

And a second incident in October, 2016, when Jimmie Turner kissed Sgt. Hansche on the top of his head without his consent in front of many witnesses.[3] The suit was filed September 17, 2019 and the earliest sexual assault incident happened "late September,2016"[4] which is less than three years. These actions took place less than 3 years of the filing of the suit as set forth in Louisiana Civil Code 3496.2 and are not prescribed[5].

Further, Defendant Turner lacks the capacity and/or right to move to dismiss counts which are not directed at him individually, but rather the City of New Orleans-who has not filed a Motion to Dismiss. But regardless, Plaintiff pled plausible and detailed facts regarding the severe and hostile work environment in his Complaint against the City of New Orleans as set forth in Counts 1-4.

Defendant Turner mentions only the two assault incidents in his motion when arguing whether the NOPD Homicide Unit had a hostile or abusive work environment. However, paragraph 1 of the Complaint contains a summary of specific acts described in

---

[2] R. Doc. 1 Complaint ¶ 83-86
[3] Id.
[4] R. Doc. 1 Complaint ¶ 20
[5]Louisiana Civil Code Article 3496.2- A delictual action against a person for any act of sexual assault, as defined in R.S. 46:2184, is subject to a liberative prescription of three years. Further R.S. 46:2184 defines sexual assault as " For purposes of this Chapter, "sexual assault" means any nonconsensual sexual contact including but not limited to any act provided in R.S. 15:541(24) or obscenity (R.S. 14:106)." L

detail throughout the Complaint which support allegations that the NOPD Homicide Unit had a severe, pervasive, and hostile work environment.

The summary in paragraph 1 of the Complaint states as follows:

The illegal conduct includes but is not limited to:

·  Repeatedly calling Plaintiff names insinuating that he and his associates were homosexuals and/or were engaged in homosexual relationships.

·  Repeated remarks implying two male friends in the unit were gay lovers (romantically involved), including asking which of them was "the big spoon" and "the little spoon" and asking one man if he was "pregnant for" Plaintiff.

·  Massaging a male detective's shoulders while making suggestive remarks about taking a ride on a detective's motorcycle.

·  Persistently initiating physical contact with Plaintiff including kissing Plaintiff, grabbing and embracing the Plaintiff from the rear in clear view of detectives and supervisors in the Homicide Unit.

·  Repeated instances of name-calling including referring to Plaintiff as a "cracker" and stating to other white males that all "white people look the same."

·  Allowing Lt. Jimmie Turner to keep squads racially segregated by assigning black detectives to work with only blacks except for one that Lt. Turner called "the token" and ostracizing that group from other detectives.

·  Taking no action: (a) against a male supervisor who openly verbally harassed several male detectives and has stated that he was showering and "thinking" of them while touching his genitals and (b) allowing racial segregation and racial favoritism in promotions to go unchecked for years at the Homicide Unit and (c) allowing kissing and embracing right in front of the entire Homicide Unit without any consequence to Lt. Turner.

·  Retaliating against, restricting time off, forcing employees to take leave without pay when they have annual leave, assigning less favorable work, over-assigning work,

and failing to promote individuals who did not condone or go along with Lieutenant Jimmie Turner's sexual and racial misconduct.

Contrary to Defendant Turner's assertions, these acts are not merely two incidents regarding sexual harassment, but part of a larger timeline of incidents that occurred during Plaintiff's employment. Thus, Defendant's analysis fails for the reasons set forth in the Legal Argument below.

## **LEGAL ARGUMENT**

Standard of Review

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim,to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is "plausible on its face" when the pleaded facts allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor." *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir.2009). To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true. *Id.*

The complaint must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim. *Lormand*, 565 F.3d at 255–57. In considering a motion to dismiss for failure to state a

claim, a court considers only the contents of the pleadings, including their attachments. *Collins v. Morgan StanleyDeanWitter*, 224 F.3d 496, 498 (5th Cir.2000).

Claims of Sexual Harassment and Hostile Work Environment Are Sufficiently Pled

Defendant Turner argues that two incidents of civil sexual assault do not rise to an actionable level under Title VII because "on its face does not suggest a sexual encounter nor it being related to or based upon sex.[6]"

Plaintiff alleges his buttocks were touched by Defendant Turner's groin and that he was kissed[7]. Sexual harassment does not need to be motivated by actual sexual desire and humiliation, based on gender stereotyping meant to separate those who are deemed less manly from the rest is actionable. See *Oncale v. Sundowner Offshore Services*, 523 U.S. 75 (1998) and *EEOC v. Boh Bros. Const. Co.*, 731 F.3d 444, 453 (5th Cir.2013) (en banc).

Every allegation in paragraph 1, 18, and 19 of the Complaint describes how Plaintiff was humiliated and constantly subjected to remarks by Defendant Turner about having sexual relationships with other co-workers while at work. Lt. Turner would accuse Plaintiff and Sgt. Marc Amos (among others) of having a sexual relationship and would ask them questions like, 'who was the big spoon' and 'who was the little spoon.'[8] Lt. Turner would use pejorative language insinuating that Plaintiff and Sgt. Marc Amos or Detective Thomas Ripp were in a romantic relationship in order

---

[6] Motion to Dismiss R. Doc 24-2 pg 8
[7] R. Doc. 1 Complaint ¶83-86
[8] R. Doc. 1 Complaint ¶18

to embarrass Plaintiff and demonstrate dominance over his subordinate.[9] Any person who befriended Plaintiff was accused of being in a homosexual relationship with Plaintiff. These comments were open and obvious and overheard by many individuals in the Homicide Unit.[10]

Not only was there sexual touching but verbal sexual comments about Plaintiff's sex life as well. Contrary to the Defendant's assertion, it is irrelevant as to whether Jimmie Turner actually wanted to have a sexual relationship with Plaintiff or not.

Defendant Turner also argues that the sexual harassment did not affect a term, condition, or priviledge of employment and then recites the criteria for a hostile work enviroment including various cases where the encounters were one short incident or non-pervasive conduct[11].

The Complaint describes encounters with Defendant Turner that were far more egregious then one short incident or non-pervasive conduct Defendant argues. Plaintiff describes frequent and constant encounters throughout his employment since 2014 in addition to the physical non consensual acts by Defendant Turner, wherein Defendant Turner questioned Plaintiff on "who was big spoon and who was little spoon" implying frequently that Plaintiff had a romantic homosexual relationship with a co-worker[12].

---

[9] R. Doc. 1 Complaint 19
[10] R. Doc. 1 Complaint 19
[11] Motion to Dismiss R. Doc. 24-1 pg. 8.
[12] R. Doc. 1 Complaint 18-19

Defendant Turner also stated that Det. Brueggeman was a "good looking man" and that he would have been there earlier but he was in the shower touching himself while thinking of Det. Brueggeman[13]-which Plaintiff witnessed. Plaintiff was offended by the comment but felt that there was nothing he could as he was in the middle of a murder scene and Defendant Turner would consistently engage in similar misconduct in front of supervisors with no consequences[14]. This type of behavior was not a one-time event, it was frequent as specifically described in the Complaint in contrast to the cases relied upon by Defendant.

Further, liability arises even if the employee is not the targeted individual. *Reeves v. Robinson* , 594 F. 3d 798 (11th Cir. 2010).Plaintiff has an actionable claim even if he was not the target of sexual harassment but witnessed it and was offended by it.

This circuit's case law reveals that evidence was sufficient to support finding that sexual harassment of female employee affected term, condition, or privilege of her employment to support Title VII liability; employee's supervisor inquired about her sexual activity or made similarly offensive comments two or three times a week, and he made many other egregious comments to her, some in front of her co-workers. *Farpella-Crosby v. Horizon Health Care,* 97 F. 3 803, (5th Cir. 10/21/96).

---

[13] R. Doc. 1 Complaint 24
[14] R. Doc. 1 Complaint 24

Even sporadic incidents may form the basis for a sexual harassment claim in cases where the alleged conduct was particularly egregious. *See Taylor-Rogers v. Robb Stucky, Ltd.*, 82 Fed.Appx. 974, 975 (5th Cir. 2003) (evidence that a co-employee rubbed up against plaintiff on a daily basis, and had simulated a sex act with her, unbuttoned her blouse and touched her breast underneath her bra, was "sufficient to create a genuine issue of material fact as to the severity and pervasiveness of the harassment").

See also *Cherry v. Shaw Coastal, Inc.*, 668 F.3d 182, 189 (5th Cir. 2012) (hostile work environment when plaintiff was subject to multiple months of unwanted sexual grabbing and explicit comments); *Harvill, v. Westward Commc'ns, L.L.C.*, 433 F.3d 428, 435 (5th Cir. 2005) (finding severe or pervasive harassment when, over seven months, a coworker grabbed a female employee, fondled her breasts and patted her buttocks "numerous times," and rubbed his body against the plaintiff).

In this case, not only was there frequent sexual comments -for years-to Plaintiff and others about sexual positions, masturbation, and homosexual relationships in front of other co-workers, there was egregious conduct such as embracing and rubbing up behind Sergeant Hansche's buttocks with Deendant Turner's groin area and kissing the top of Sergeant Hansche's head- also in front of co-workers.[15]  These allegations are sufficiently severe or pervasive, when taken as true, to survive a 12(b)(6) Motion.

---

[15] R. Doc. Complaint 1, 18-21, 24,  39, 41,& 44.

The Complaint also makes clear that Defendant Turner affected the terms of employment as Plaintiff's supervisor by excluding Plaintiff from the "Special Squad" of supervisors[16] and not approving Plaintiff's leave and instead docking him with Leave Without Pay because he would not submit to Defendant Turner's demands[17].

Plaintiff has met his burden to plead plausible and specific facts on its face under *Twombly* and *Iqbal* to support that he is entitled to relief if all facts are accepted as true with respect to a claim for sexual harassment.[18]

Claims of Race Discrimination Are Sufficiently Pled

Defendant Turner argues that claims of racial discrimination should be dismissed because his request for permission to call Plaintiff a "cracker" and grouping squads by race is not racially motiviated on its face and that even it if was racially motiviated, it was not sufficiently severe or pervasive to be actionable. [19] Defendant Turner further argues that Plaintiff failed to allege that Defendant Turner made any comment to him concerning his race or took action to suggest that he targeted him based on race.[20]

Defendant Turner's argument is incorrect because paragraph 22, 23, 27, 42 and 43 of the Complaint describe comments made by Turner or actions taken motivated by race discrimination. Plaintiff describes that he was called a "cracker," squads were formed based on race with Defendant Turner describing the one white person on the

---

[16] R. Doc. 1 Complaint 27
[17] R. Doc. 1 Complaint 34
[18] *Bell Atlantic Corp v. Twombly* , 550 U.S. 544 (2007) and *Ashcroft v Iqbal* 556, U.S. 662 (2009).
[19] Motion to Dismiss R. Doc. 24-1 pg. 12.
[20] Motion to Dismiss R. Doc. 24-1 pg. 12.

squad the "token,"  Defendant Turner would deliberately call a white man "Daniel" which was not his name, and say "all you white boys look alike.[21]"  Defendant Turner would show favoritism towards black detectives over whites.[22]  These allegations describe prima facie racially motivated actions and debunk Defendant Turner's argument that Plaintiff failed to allege comments concerning race.

Defendant Turner's reliance on the *Ramsey v. Henderson*[23] case is misplaced as there was no allegation in that case that the actions were racially motivated whereas in this case, the allegations regarding favoritism of black detectives over whites, grouping of squads by race, and specific facts by Plaintiff alleging he was called a "cracker" and other whites were called "token" or "Daniel" and told "all you white boys look alike" indicate racial motivation when taken as true.[24]

Further, in *Walker v. Thompson*, the work environment for African–American employees who were subjected to a variety of racial slurs over a three-year period was found to be sufficiently severe or pervasive.[25] See also, *Burlington Northern & Santa Fe Ry. Co. v. White,* 548 U.S. 53, 126 S.Ct. 2405, 165 L.Ed.2d 345 (2006); *Farpella–Crosby v. Horizon Health Care,* 97 F.3d 803, 806 (5th Cir.1996) (plaintiff presented sufficient evidence from which a jury could find severe or pervasive harassment where plaintiff was subjected to offensive, sex-based comments two to three times per week).

---

[21] R. Doc. Complaint 42-43
[22] Complaint at 42
[23] R. Doc. 1 *Ramsey v. Henderson*, 286 F. 3d 264 (5th Cir. 2002).
[24] R. Doc. 1 Complaint  22, 23,  27, 42 and 43
[25] *Walker v.Thompson,* 214 F.3d 615, 626 (5th Cir.2000) (abrogated on other grounds)

In this case, the racially offensive language continued for years since Plaintiff worked with Jimmie Turner.[26]

Lastly, Defendant argues that there were no allegations of retaliation in the Complaint. This is not accurate as paragraphs 35-37 of the Complaint indicate that Defendant Turner put Plaintiff on Leave Without Pay, dismantled his squad and forced him into a desk job. Further in paragraph 27 of the Complaint Plaintiff describes being excluded from the supervisor "Special Squad" even though he was also a supervisor.

For these reasons, the Plaintiff has pled factual content which allows the court to draw the reasonable inference that the Defendant Turner is liable for the misconduct alleged.

Statements by Witnesses Attached as Exhibits to Complaint Are Proper

Defendant argues that the unsworn statements do not meet the business records exception and should be disregarded. However, this objection is premature as once discovery is completed it will be shown that these statements were taken in the course and scope of a Public Integrity Bureau investigation and they regularly maintain these records in their business for investigations. Further, the witness statements attached were taken with the understanding that the witnesses had to be truthful in all investigations conducted by the Public Integrity Bureau[27] and were submitted to support the allegations in the Complaint. The statements have not been moved into evidence by

---

[26] R. Doc. 1 Complaint ¶ 83-86
[27] R. Doc. 1 See language in each of Witness Statements "Employees are required to be truthful at all times"

merely attaching them as an exhibit. Thus, the request to exclude them is premature and/or moot.

## CONCLUSION

Plaintiff has sufficiently pled plausbile and specific allegations of sexual and racial discrimination along with retalation. Thus the Motion to Dismiss should be Denied as a matter of law.

Respectfully submitted,

VASQUEZ LAW OFFICE

/s/Jessica Vasquez
Jessica M. Vasquez (27124)
400 Poydras Street, Ste. 900
New Orleans, LA 70130
Telephone: (504) 571-9582
 Facsimile: (504) 684-1449
Email: jvasquez@vasquezlawoffice.com
***ATTORNEY FOR PETER K. HANSCHE***