UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PETER HANSCHE | CIVIL ACTION |
| VERSUS | NO. 19-12655 |
| CITY OF NEW ORLEANS, ET AL. | SECTION "A" (5) |

## ORDER AND REASONS

Before the Court is a **Motion to Dismiss (Rec. Doc. 24)** filed by the Defendant Jimmie Turner pursuant to Federal Rules of Civil Procedure ("FRCP") 12(b)(6). The Plaintiff Peter Hansche opposes the motion. (Rec. Doc. 25). The motion, set for submission on March 4, 2020, is before the Court on the briefs without oral argument.

**I.  Background**

The Plaintiff Sergeant Peter Hansche ("Sgt. Hansche") is a police officer in the New Orleans Police Department ("NOPD"), and he filed a Complaint that named the City of New Orleans ("the City") and Lieutenant Jimmie Turner ("Lt. Turner") as Defendants in this case. (Rec. Doc. 1, p.1, Hansche's Complaint). More specifically, Sgt. Hansche is a Caucasian male in the Homicide Unit of the NOPD, and Lt. Turner is an African American male who commands that unit. *Id*. at 4. Sgt. Hansche described himself as a "by the book" law enforcement officer, while he said Lt. Turner "was not." *Id*. at 5. Sgt. Hansche further explained that, "[a]fter Lt. Turner took command of the Homicide Unit, Sgt. Hansche became the target for sexual and racially inappropriate comments from Lt. Turner in an effort to force Sgt. Hansche into going along with Lt. Turner's every command without question regardless of the legality of [Lt. Turner's] actions." *Id*. Although Sgt. Hansche complained to his supervisors on multiple occasions, no action was ever taken against Lt. Turner. *Id*. at 15.

Further, the Plaintiff listed how Lt. Turner turned their work environment into a toxic environment by:

1. Repeatedly calling [the] Plaintiff names insinuating that he and his associates were homosexuals and/or were engaged in homosexual relationships.

2. Repeated[ly making] remarks implying two male friends in the unit were gay lovers (romantically involved), including asking which of them was "the big spoon" and "the little spoon" and asking one man if he was "pregnant for" [the] Plaintiff.

3. Massaging a male detective's shoulders while making suggestive remarks about taking a ride on a detective's motorcycle.

4. Persistently initiating physical contact with Plaintiff including kissing [the] Plaintiff, grabbing and embracing the Plaintiff from the rear in clear view of detectives and supervisors in the Homicide Unit.

5. Repeated[ly having] instances of name-calling including referring to [the] Plaintiff as a "cracker" and stating to other white males that all "white people look the same."

6. Allowing Lt. Jimmie Turner to keep squads racially segregated by assigning black detectives to work with only blacks except for one that Lt. Turner called "the token" and ostracizing that group from other detectives.

7. Taking no action: (a) against [Lt. Turner] who openly verbally harassed several male detectives and has stated that he was showering and "thinking" of them while touching his genitals and (b) allowing racial segregation and racial favoritism in promotions to go unchecked for years at the Homicide Unit and (c) allowing kissing and embracing right in front of the entire Homicide Unit without any consequence to Lt. Turner.

8. Retaliating against, restricting time off, forcing employees to take leave without pay when they have annual leave, assigning less favorable work, over-assigning work, and failing to promote individuals who did not condone or go along with Lieutenant Jimmie Turner's sexual and racial misconduct.[1]

In addition to creating a toxic work environment, Sgt. Hansche also alleged that Lt. Turner specifically harassed him on three separate occasions.

First, in September 2016, "Sgt. Hansche was standing in Sgt. McMullen's office with Sgt. Marc Amos [when] Lt. Turner came into the office behind Sgt. Hansche and

---

[1] (Rec. Doc. 1, p. 2-3, Hansche's Complaint).

nonconsensually embraced Sgt. Hansche's body allowing the front of his body to press against the back and buttocks of Sgt. Hansche." *Id*. at 6. "Lt. Turner [then] put his face between Sgt. Hansche's shoulders and gripped his chest area securely." *Id*.

Second, in October 2016, "[the] Plaintiff was sitting in an open area in the office near Detective Bruce Brueggeman's desk speaking to him." *Id*. at 6. "Suddenly, Lt. Jimmie Turner [came] up from behind [the] Plaintiff and kiss[ed] him on the top of the head." *Id*.

Third, in November 2017, "[the] Plaintiff was in Lt. Turner's office discussing a work issue." *Id*. Lt. Turner [then] asked [the] Plaintiff if he could call him a 'cracker.'" *Id*.

Things finally came to a head on December 14, 2017. That morning, Sgt. Hansche was experiencing a family emergency, so he reported the situation to the NOPD Officer Assistance Program counselor. *Id*. at 8. This counselor told the Plaintiff that he should consider the situation "handled." *Id*. However, the next day, the Plaintiff was ordered to call Lt. Turner. *Id*. While on the phone with Lt. Turner, "Lt. Turner brashly stated that he had not heard from the Plaintiff." *Id*. "[The] Plaintiff was [then] forced to explain to [Lt. Turner] that he went through the NOPD Officer Assistance Program to notify his chain of command because he did not want to discuss the serious family issues and the impact these issues had on [the] Plaintiff[.]" *Id*. 8-9. Thus, when Sgt. Hansche returned to work, "he discovered that the Squad he commanded was quickly dismantled by Lt. Turner" in retaliation for not going through the chain of command. *Id*. at 9. Sgt. Hansche was then "forced to sit at the office without assigned detectives doing office work." *Id*.

Sgt. Hansche filed his Complaint in the Eastern District of Louisiana on September 17, 2019. In his Complaint, Sgt. Hansche made the following five claims: (1) sex and race discrimination under Title VII against the City, (2) Retaliation under Title VII against the City,

(3) hostile work environment under Title VII against the City, (4) sex and race discrimination under Louisiana state law against the City, and (5) sexual assault under Louisiana state law against Lt. Turner. *Id*. at 14-18. In response, Lt. Turner filed a motion to dismiss pursuant to FRCP 12(b)(6).

II.     **Legal Standard of 12(b)(6) Motion to Dismiss**

FRCP 12(b)(6) permits a court to dismiss a complaint when a plaintiff has failed to state a claim for which relief can be granted. *See* Fed.R.Civ.P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal v. Ashcroft*, 556 U.S. 662, 677 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual matter contained in the complaint must allege actual facts, not mere legal conclusions portrayed as facts. *Id*. at 667 Additionally, the factual allegations of a complaint must state a plausible claim for relief. *Id*. A complaint states a "plausible claim for relief" when the factual allegations contained therein, taken as true, necessarily demonstrate actual misconduct on the part of the defendant, not a "mere possibility of misconduct." *Id*.; *see also Jacquez v. Procunier*, 801 F.2d 789, 791-92 (5th Cir.1986). Lastly, the Court "will not look beyond the face of the pleadings to determine whether relief should be granted based on the alleged facts[.]" *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).

III.    **Discussion**

   **A.  Lt. Turner's Lack of Standing**

In his Memorandum in Support, Lt. Turner argued that, "[the] Plaintiff fail[ed] to allege conduct that rises to the level of an actionable Title VII sexual harassment, racial discrimination[,] and/or retaliation claim." (Rec. Doc. 24-1, p. 3, Turner's Memorandum in

Support). However, Sgt. Hansche's Title VII claims are against the Defendant City of New Orleans, and not against the Defendant Lt. Turner. Sgt. Hansche's only claim against Lt. Turner is for sexual harassment under Louisiana state law. Thus, the Defendant Lt. Turner lacks standing to argue for a dismissal of Title VII claims that are not levied against him.

### B. Prescription

As to Sgt. Hansche's claims of sexual harassment against Lt. Turner, Lt. Turner argued in his Motion to Dismiss that "the plaintiff's state [law] claim, pursuant to La.Civ.C. Art. 3496.2, has prescribed." (Rec. Doc. 24-1, p. 2, Turner's Memorandum in Support). Louisiana Civil Code article 3496.2 provides that, "[a] delictual action against a person for any act of sexual assault, as defined in R.S. 46:2184, is subject to a liberative prescription of three years."

Here, Sgt. Hansche filed his Complaint on September 17, 2019. Accordingly, any claims of sexual harassment that occurred before September 17, 2016 have proscribed. However, as Sgt. Hansche noted in his Opposition, the earliest sexual assault by Lt. Turner occurred in "late September, 2016." (Rec. Doc. 1, p. 6, Hansche's Complaint). Thus, the Court finds it plausible that none of Sgt. Hansche's claims of sexual harassment against Lt. Turner have proscribed.

Accordingly;

**IT IS ORDERED** that the **Motion to Dismiss (Rec. Doc. 24)** filed by the Defendant Jimmie Turner pursuant to Federal Rules of Civil Procedure ("FRCP") 12(b)(6) is **DENIED**.

March 11, 2020

JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE