## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PETER K. HANSCHE | * | NO.:19-12655 |
| VERSUS | * | SECTION: "A" |
| CITY OF NEW ORLEANS and LT. JIMMIE L. TURNER | * | JUDGE: JAY C. ZAINEY |
| | * | MAGISTRATE: 5 MICHAEL NORTH |

\* \* \* \* \* \* \* \* \*

## MEMORANDUM IN OPPOSITION TO JUDICIAL NOTICE AND TO EXCLUDE

MAY IT PLEASE THE COURT,

This matter is before the court on plaintiff's Federal Complaint for racial discrimination, Sexual Harassment, Hostile work Environment and Retaliation pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq. and his pendent state claim for sexual assault, per La.Civ.C. Article 3496.2.

### BRIEF SUMMARY

Defendant Turner is employed by the New Orleans Police Department for the Parish of Orleans. A complaint was lodged against defendant Turner for allegedly violating Departmental Policy The alleged incident occurred in September 2016, then 10/2016 thru 10/2017. The last incident occurred approximately 432 later on or about 11/2017 or 12/2017. The plaintiff filed a

complaint with PIB, in which an internal investigation was initiated into policy violation.

On February 5, 2018, a formal hearing was held before the hearing officer and trier of fact, Jay Ginseng, who subsequently filed his report, on August 25, 2019, in favor on the defendant, Turner, noting, NOPD failed to meet its burden of proof.

On December 10, 2019, the Board of Commissioners, positioned as the administrative appeal body, reviewed the administrative hearing transcript and reevaluated the evidence. The Board, thereafter, substituted its evidentiary finding in opposition to the trier of fact finding and conclusions and denied Turner's appeal, though an opinion was provided.

On August 14, 2020, defendant Turner appealed the Board's decision to the 4th Circuit Court of Appeal, who on March 3, 2021, affirmed in part, the suspension and reversed in part, defendant's demotion.

In March, 2021, defendant Turner took Writs to the Louisiana Supreme Court, who on June 28, 2021 reversed the 4th Circuit Court of Appeals decision and reinstated the Commissioned judgement.

On July 290, 2021, the plaintiff filed his Motion for Judicial Notice and to Exclude Elizabeth Garcia testimony and the exclusion of the entire Civil Service Hearing Transcript on the basis of relevancy and altermnatively

unfairly prejudicial to plaintiff's case, if relevant, pursuant to FRE 403.

## STANARD OF LAW

Federal Rule of Evidence 201 allows a district court to take judicial notice of a "fact that is not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b). Rule 201(g) provides, in pertinent part, '. . . the jury may, but is not required to, accept as conclusive any fact judicially noticed.'

Federal Rule of Evidence 403 provides the court with discretion to exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Unfair Prejudice has been defined as "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one"). *See* **United States v. Brandon**, 521 F.3d 1019, 1026 (8th Cir. 2008) (unfair prejudice refers not to "legitimate probative force" of evidence, but to "its capacity to lure a jury into declaring guilt for an improper reason"), *cert. denied*, 129 S. Ct. 314; **United States v. Huyck**, 849 F.3d 432 (8th Cir. 2017) (describing unfair prejudice in terms of

evidence "so inflammatory on its face" that it would divert jury from material issues). Evidence may be excluded where it is likely to confuse or mislead the jury, such as by distracting them with immaterial or side issues. *See, e.g.,* **United States v. Zayyad**, 741 F.3d 452, 462 (4th Cir. 2014).

## ARGUMENT

The administrative proceeding of defendant Turner's alleged violation of departmental policy was just that and nothing beyond his alleged conduct. The proceeding did not embrace the required evidentiary standard of proof of the alleged offense but rather whether the alleged offense fell within the meaning of departmental policy. The evidence submitted at the hearing is not reliable as to the offense itself but limited to its determination to an alleged policy violation.

In support of this argument, consider the investigation in which he hearing was based. Turner was investigated for Rule 2: Moral Conduct, paragraph 2: Courtesy, which was unfounded; Rule 2: Moral Conduct, paragraph 4: Discrimination, which was also unfounded; Rule 3: Professional Conduct, paragraph1: Professionalism, which unfounded; and Rule 4: Performance of Duty, paragraph 2: Instructions from an Authoritative Source to-wit: NOPD Policy/Procedure 328 Workplace Discrimination Harassment/Retaliation, which was sustained. The merits of the offense was

never adjudicated but only the limited scope of the policy violation pertaining to the alleged conduct was determined.

The 4th Circuit Court of Appeals determined that the defendant violated departmental policy as written and amended the sanction to an additional 5 day suspension for each violation.  An evaluation and determination of discriminatory conduct was not judicially proven under Title VII.

The evidence sought to be excluded goes to the merit of the offensive conduct alleged in the complaint.  The prejudicial effect, if any, I the plaintiff's confession that the conduct never rose to the level of his asserted calim. The probative value of the evidence to be introduce is directly linked to the merits of the case and its introduction is required for a fair determination of the issues before the court.  The evidence to be introduce has been provided by the plaintiff and the witnesses but was not considered in the determination of departmental policy violation.  Prior testimony, which is relevant, by nature is prejudicial to the opposing party.

In so noting, plaintiff has argued to the court that the City made certain allegations against defendant Turner during the administrative process and during this process has requested a stipulation as to those allegations.  There is no variance between the two that will cause a different affect or out come as pled herein by defendants.  It is the plaintiff's intent, as we, to use prior

evidence from the administrative proceeding to prove and disprove a fact asserted by the opposing party.

Judicial notice of a "fact that is not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned may be granted. However, the administrative proceeding determining whether Turner violated departmental policy is a fact subject to reasonable dispute since its scope was limited to policy concerns and not statutory determinative acts. It should also be notd that the conclusion of the administrative process constitutes a limited scope of resolution and its accuracy as to the merit of a violative act under Title VII can reasonably be questioned.

## CONCLUSION

The plaintiff's motion for judicial notice and to exclude certain evidence from being admitted at trial should be denied for reasons stated herein.

Respectfully submitted,
**Law Office of Willard J. Brown, Sr.**

/s/Willard J. Brown, Sr.
Willard J. Brown, Sr., #23405
4619 S. Claiborne Ave.
New Orleans, LA 70125
Dir.:(504)638-2274
Fax:(504)218-5380
Brownsrw@yahoo.com

**CERTIFICATE**

I hereby certify that on this 11th day of August, 2021, I electronically filed the foregoing Memorandum in Opposition to Motion for Judicial Notice and to Excludd, with the Clerk of Court, by using the CM/ECF system which will send a notice of electronic filing to all counsel of record in this matter. I further certify that I mailed the foregoing document and notice of electronic filings by first class mail to the following non-CM/ECF participant: Jammie L. Turner

/s/ Willard J. Brown, Sr.
Willard J. Brown, Sr.